IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RESCO, INC. and LOCATIONS, LLC, | ) ) ) | Civil No. 21-00183-KJM |
| Plaintiffs, | ) ) ) ) | ORDER GRANTING DEFENDANTS IAN BIGELOW, BRIAN STEWART, JAMES CHAN, MICHAEL SKLARZ AND |
| vs. | ) ) | ELIZABETH MAKANANI'S |
| IAN BIGELOW; BRIAN STEWART; JAMES CHAN; MICHAEL SKLARZ; ELIZABETH MAKANANI; DOE DEFENDANTS 1-50, | ) ) ) ) ) ) ) | PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT |
| Defendants. | ) ) ) ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANTS IAN BIGELOW, BRIAN
STEWART, JAMES CHAN, MICHAEL SKLARZ AND ELIZABETH
MAKANANI'S PETITION FOR APPROVAL OF GOOD FAITH SETTLEMENT

On September 30, 2021, Defendants Ian Bigelow, Brian Stewart, James Chan,

Michael Sklarz, and Elizabeth Makanani ("Defendants") filed a Petition for

Approval of Good Faith Settlement ("Petition").  ECF No. 41.  On October 8, 2021,

Defendants served a copy of the Petition upon 53 nonsettling alleged joint

tortfeasors or co-obligors.  ECF No. 44.  Defendants seek a determination of good

faith settlement pursuant to section 663-15.5 of the Hawaii Revised Statutes.

The Court finds this matter suitable for disposition without a hearing, having

received no objections to the Petition from any nonsettling alleged joint tortfeasor or

co-obligor pursuant to Haw. Rev. Stat. § 663-15.5(b), and pursuant to Rule 7.1(c) of

the Local Rules of Practice for the United States District Court for the District of

Hawaii.  After carefully considering the Petition, the documents in support, the

record, and the relevant legal authority, the Court GRANTS the Petition for the

reasons set forth below.

## DISCUSSION

A finding of good faith settlement (1) discharges the settling party from

liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims

against joint tortfeasors by the amount stipulated to in the release or in the amount

of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors

from further claims against the settling joint tortfeasor, except where there is a

written indemnity agreement, and (4) results in dismissal of all crossclaims against

the settling joint tortfeasor, except where there is a written indemnity agreement.

Haw. Rev. Stat. § 663-15.5(a), (d).  In determining whether parties have entered into

a good faith settlement, the court must consider the "totality of the circumstances,"

including:

(1) the type of case and difficulty of proof at trial . . . ;

(2) the realistic approximation of total damages that the plaintiff seeks;

(3) the strength of the plaintiff's claim and the realistic likelihood of his
or her success at trial;

(4) the predicted expense of litigation;

(5) the relative degree of fault of the settling tortfeasors;

(6) the amount of consideration paid to settle the claims;

(7) the insurance policy limits and solvency of the joint tortfeasors;

(8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and

(9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

*Troyer v. Adams*, 102 Haw. 399, 427, 77 P.3d 83, 111 (2003) (format altered).

An agreement to settle a claim is made in good faith when the totality of circumstances reflects that the settlement was not collusive or aimed at injuring the interests of the non-settling parties. *Id*. Section 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment. *Whirlpool Corp. v. CIT Grp./Bus. Credit, Inc.*, 293 F.Supp.2d 1144, 1154 (D. Haw. 2003). The non-settling defendant has the burden of proof that the settlement agreement was not reached in good faith. Haw. Rev. Stat. § 663-15.5(b).

The Court has reviewed the factors set forth in *Troyer v. Adams* and the material terms of the settlement agreement, attached to the Petition as Exhibit 1 ("Settlement Agreement"). ECF No. 41-3. The Court finds that the essential terms of the Settlement Agreement entered into between Plaintiffs RESCO, Inc., and Locations, LLC (collectively, "Plaintiffs"), Defendants, and Rosann Jo Frasier and Jason Lazzerini (non-parties), meet the purpose of Haw. Rev. Stat. § 663-15.5, are reasonable, and in good faith. Given the totality of the circumstances and the

absence of opposition, the Court finds that Plaintiffs, Defendants, Ms. Frasier, and Mr. Lazzerini entered into their settlement in good faith.

CONCLUSION

Based on the foregoing, the Court GRANTS Defendants Ian Bigelow, Brian Stewart, James Chan, Michael Sklarz, and Elizabeth Makanani's Petition for Approval of Good Faith Settlement (ECF No. 41). All joint tortfeasors or co-obligors are barred from asserting any further claims against any of the Defendants arising out of or related to the claims released in the Settlement Agreement, as provided in Haw. Rev. Stat. § 663-15.5. Defendants shall be discharged from liability arising out of or related to the claims released in the Settlement Agreement for any contribution to any joint tortfeasors or co-obligors within the meaning of Haw. Rev. Stat. § 663-15.5.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 3, 2021.



Kenneth J. Mansfield
United States Magistrate Judge

*RESCO, Inc. et al v. Bigelow et al*, Civil No. 21-00183-KJM; Order Granting Defendants Ian Bigelow, Brian Stewart, James Chan, Michael Sklarz, and Elizabeth Makanani's Petition for Approval of Good Faith Settlement

4